**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA ELENA ARAUJO-BULEJE,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.   16-70486

Agency No. A200-877-702

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2018**
Portland, Oregon

Before:  WARDLAW and OWENS, Circuit Judges, and LEFKOW,*** District Judge.

Maria Elena Araujo-Buleje, a native and citizen of Peru, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

Immigration Judge's denial of asylum and withholding of removal. As the parties are familiar with the facts, we do not recount them here. We dismiss in part and deny in part the petition for review.

Even assuming that Araujo-Buleje was credible and that her asylum application was timely, we lack jurisdiction to consider Araujo-Buleje's claim that she is eligible for asylum and withholding of removal on account of her membership in the particular social group of her family. Araujo-Buleje argues that the BIA erred in deeming her family claim abandoned, but fails to cite any place in the record where she raised it to the BIA. Because Araujo-Buleje failed to exhaust her family claim before the BIA, we lack jurisdiction to consider it. *See Arsdi v. Holder*, 659 F.3d 925, 928-29 (9th Cir. 2011) ("We have repeatedly held that failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." (citation and internal quotation marks omitted)).

In addition, Araujo-Buleje has waived any challenge to the BIA's rejection of her claim that she is eligible for asylum and withholding of removal on account of her membership in the particular social group of pharmacists who refuse to participate in drug trafficking by failing to argue the issue in her brief to this court. *See Diego v. Sessions*, 857 F.3d 1005, 1015 n.4 (9th Cir. 2017) (holding that issues not "specifically and distinctly argued and raised" in an opening brief are waived

2

(citation omitted)).  Likewise, Araujo-Buleje has waived any challenge to the BIA's determination that she abandoned her claim under the Convention Against Torture.

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART**.